IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL JAMES SCHWAB,<br><br>                           Plaintiff,<br>v.<br><br>MICHELE RANDALL, et al.,<br><br>                          Defendants. | MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT<br><br><br>Case No. 4:24-cv-00076-PK<br><br>Magistrate Judge Paul Kohler |

      This matter comes before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915 and DUCivR 3-2. For the reasons discussed below, the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

## I. BACKGROUND

      The following facts are taken from Plaintiff's Complaint. Plaintiff alleges that while cleaning his yard, he was removed from his property for a sobriety test. When Plaintiff refused to take the test, Plaintiff alleges that he was arrested and the test forcibly administered. Plaintiff alleges that searches of his home, vehicles, and person have occurred on several occasions; that evidence was planted; and that his vehicle was impounded. Plaintiff brings claims pursuant to 42 U.S.C. § 1983 and possibly brings a state-law claim for intentional infliction of emotional distress.

## II. DISCUSSION

      28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which

1

relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[1]

Plaintiff's Complaint suffers from the following deficiencies:

# 1. The Complaint possibly inappropriately alleges civil-rights violations on a respondeat-superior theory—i.e., supervisory liability.

Plaintiff may not name individuals Randall and Whithead as defendants based solely on supervisory position.[2] Plaintiff identifies Randall as the mayor of St. George and Whithead as the chief of police. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege personal participation by the defendant.[3] Such personal participation must be alleged by showing an affirmative link between the defendant and the challenged conduct, either through the defendant's actual conduct or the defendant's acquiescence in a constitutional violation.[4] Thus, a complaint must "make clear exactly *who* is alleged to have done *what* to *whom*."[5] "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order

---

[1] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.").

[2] *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

[3] *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976).

[4] *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976).

[5] *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

to make out a viable § 1983 . . . claim."[6] Therefore, Plaintiff must amend his Complaint to allege facts establishing personal participation by Defendants Randall and Whithead or to remove those Defendants.

## 2. The Complaint fails to describe the unnamed officers and the actions taken by each individual officer.

Plaintiff's Complaint does not specifically identify by name any individual officer or describe any identifying factor of or action taken by any individual officer. "Section 1983 plaintiffs may only 'use unnamed defendants,' if they 'provide[ ] an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served.'"[7] And, again, a complaint must "make clear exactly *who* is alleged to have done *what* to *whom*."[8] Each individual must be named separately with separate constitutional violations identified per individual defendant.[9] Therefore, Plaintiff must amend his Complaint to provide sufficient information to identify the unnamed officers and the specific actions taken by each of those officers.

## 3. The Complaint needs clarification on the standing doctrine.

Plaintiff's Complaint possibly alleges that the rights of people other than Plaintiff himself, such as Plaintiff's business partner, have been violated. Any allegations involving violative behavior against people other than Plaintiff are disregarded. Plaintiff lacks standing to

---

[6] *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)).

[7] *Mayfield v. Presbyterian Hosp. Admin.*, 772 F. App'x 680, 686 (10th Cir. 2019) (quoting *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996)) (alteration in original).

[8] *Robbins*, 519 F.3d at 1250.

[9] *Id*. (finding cause of action failed to satisfy the required standard of fair notice due to complaint's failure to isolate the allegedly unconstitutional acts of each defendant).

bring claims on anyone else's behalf.[10] To the extent Plaintiff attempts to assert claims on behalf of others, Plaintiff must amend his Complaint to remove those claims.

**4. The Complaint needs general clarification on how to state a claim.**

In general, each cause of action, with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the 'who,' 'what,' 'where,' 'when,' and 'why' of each claim.[11] Plaintiff must amend his Complaint to state his claims accordingly.

**5. The Complaint needs clarification on how to state claims under § 1983 for unlawful searches and seizures.**

Although Plaintiff's claims are far from a picture of clarity, it appears that Plaintiff attempts to state claims under Section 1983 for unlawful searches and seizures. The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."[12] "A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed."[13] "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in

---

[10] *See Warth v. Seldin*, 422 U.S. 490, 498–99 (1975) ("As an aspect of justiciability, the standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf."); *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (explaining that it is a "well-settled principle that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else.").

[11] *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id.*").

[12] U.S. Const. amend. IV.

[13] *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

that property."[14] "For a search or seizure to be reasonable, it must ordinarily be supported by a warrant based on probable cause,"[15] unless an exception to the warrant requirement applies.[16] Therefore, to state a claim for an unlawful search and seizure, Plaintiff must allege facts plausibly showing that a search and seizure occurred and that the search and seizure were unreasonable under the circumstances.[17]

## 6. The Complaint needs clarification on how to state a claim under § 1983 for unlawful arrest.

It also appears that Plaintiff may attempt to state a claim under Section 1983 for unlawful arrest. The Fourth Amendment, again, guarantees "[t]he right of people to be secure in their persons . . . against unreasonable . . . seizures."[18] As an arrest is a type of seizure,[19] the Fourth Amendment thus requires that "[a]n arrest . . . be reasonable under the circumstances."[20] "'[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed.'"[21] "Probable

---

[14] *Id.*

[15] *United States v. Chavez*, 985 F.3d 1234, 1240 (10th Cir. 2021).

[16] *See Katz v. United States*, 389 U.S. 347, 357 (1967) ("[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.").

[17] *See Seymour v. Garfield Cnty.*, 580 F. Supp. 3d 1039, 1050 (D. Utah 2022) (holding plaintiffs adequately pleaded claim for unlawful search and seizure by alleging an officer seized and searched computers "without a warrant, subpoena, probable cause, exigent circumstances, or other legal basis.").

[18] U.S. Const. amend. IV.

[19] *Fogarty v. Gallegos*, 523 F.3d 1147, 1155 (10th Cir. 2008).

[20] *Ashcroft v. al-Kidd*, 563 U.S. 731, 735–36 (2011).

[21] *Buck v. City of Albuquerque*, 549 F.3d 1269, 1281 (10th Cir. 2008) (quoting *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)) (alteration in original).

cause to arrest exists only when the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed."[22] Therefore, to state a claim for unlawful arrest, Plaintiff must allege facts plausibly showing that an arrest occurred and that the arrest was without probable cause.[23]

**7. The Complaint needs clarification on how to state a claim under § 1983 for violation of Fifth Amendment rights.**

The Court notes that Plaintiff's claim(s) may involve self-incrimination. Pursuant to the Fifth Amendment, "No person . . . shall be compelled in any criminal case to be a witness against himself."[24] "[C]ourts have held the government only violates the Fifth Amendment if it uses coerced statements 'in a criminal case.'"[25] As such, to state a Fifth Amendment claim, Plaintiff must allege that the government used Plaintiff's coerced statements against him in a criminal proceeding.[26]

---

[22] *Cortez v. McCauley*, 478 F.3d 1108, 1116 (10th Cir. 2007) (quoting *United States v. Valenzuela,* 365 F.3d 892, 896 (10th Cir. 2004)).

[23] *See Brower v. Cnty. of Inyo*, 489 U.S. 593, 599 (1989) ("'Seizure' alone is not enough for § 1983 liability; the seizure must be 'unreasonable.'"); *see also Buck*, 549 F.3d at 1281 ("[W]hen a warrantless arrest is the subject of a § 1983 action, in order to succeed, a plaintiff must prove that the officer(s) lacked probable cause.").

[24] U.S. Const. amend. V.

[25] *Montoya v. Vigil*, 898 F.3d 1056, 1069 (10th Cir. 2018) (citing *Chavez v. Martinez*, 538 U.S. 760, 766–67 (2003)).

[26] *Id*.

**8. The Complaint needs clarification on how to state a claim for intentional infliction of emotional distress.**

To the extent Plaintiff attempts to allege a state-law claim for intentional infliction of emotional distress, further detail is required. "In order to demonstrate the intentional infliction of emotional distress [IIED], a plaintiff must show: (1) intentional or reckless conduct (2) which is 'of such a nature as to be considered outrageous and intolerable in that [it] offend[s] against the generally accepted standards of decency and morality.'"[27] "To be considered outrageous, the conduct must evoke outrage or revulsion; it must be more than unreasonable, unkind, or unfair."[28] "The liability [for IIED] clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."[29]

### III.  CONCLUSION

It is therefore

ORDERED that by October 28, 2024, Plaintiff must cure the Complaint's deficiencies noted above by filing a single document entitled, "Amended Complaint," that does not refer to or include any other document. The Amended Complaint MAY NOT include claims outside or beyond what was already contained in the complaint originally filed here. If an amended complaint is filed, the Court will screen it for dismissal or an order effecting service upon valid defendants. If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action may be dismissed without further notice. It is further

---

[27] *Blakely v. USAA Cas. Ins. Co.*, 633 F.3d 944, 950 (10th Cir. 2011) (quoting *Oman v. Davis Sch. Dist.*, 194 P.3d 956, 969 (Utah 2008)).

[28] *Oman*, 194 P.3d at 969 (citation omitted).

[29] *Bennett v. Jones Waldo Holbrook & McDonough*, 2003 UT 9, ¶ 64, 70 P.3d 17 (quoting Restatement (Second) of Torts § 46 cmt. d).

ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Docket No. 2) is again temporarily GRANTED. It is further

ORDERED that the filing restrictions in the Court's prior Order (Docket No. 5) remain in place.

DATED this 26th day of October, 2024.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge